Gary E. Thompson Pleasanton City Attorney P.O. Box 184 Mound City, Kansas 66056
Dear Mr. Thompson:
Earlier this year, as City Attorney for Pleasanton, Kansas, you asked about the continuing validity of Attorney General Opinion No. 2003-32. In particular you ask whether plea agreements and charging amendments remained permissible under K.S.A. 2010 Supp.8-2,150 regarding commercial driver's licenses. In response,
Attorney General Opinion No. 2011-10 was issued, opining that diversions were not permissible for any person who drove or held a commercial driver's license, but that plea negotiations and charging amendments were allowed. Due to a change in a Kansas statute regarding commercial driver's licenses, this superseding opinion is being issued.[1]
Upon the effective date of K.S.A. 8-2,150 in 2003, a "driver" of a commercial vehicle is prohibited from entering into a diversion agreement for a violation, in any type of motor vehicle, of a traffic control law. "Driver" was defined for purposes of the Kansas Uniform Commercial Drivers' License Act as:
 Any person who drives, operates or is in physical control of a commercial motor vehicle, in any place open to the general public for purposes of vehicular traffic, or who is required to hold a commercial driver's license.[2]
Due to this definition, the diversion prohibition did not include a person who merely held a commercial driver's license but did not otherwise fall within the definition of "driver." The effect was to exclude from the diversion prohibition a person who held, although not required to do so, a commercial driver's license and was not driving, operating or in physical control of a commercial motor vehicle at the time of the offense. This situation could arise if a person formerly engaged as a commercial driver was no longer so engaged but had maintained his commercial driver's license, and violated a traffic control law in a non-commercial vehicle. Thus, Attorney General Opinion No. 2003-32 concluded:
 The term "driver," as used in the Kansas Uniform Commercial Drivers' License Act, means any person who drives, operates or is in physical control of a commercial motor vehicle, in any place open to the general public for purposes of vehicular traffic, or who is required to hold a commercial driver's license; the term does not include a person who merely holds a commercial driver's license but does not otherwise fall within that definition.
The effect of this anomaly was to place Kansas law out of compliance with requirements found in the federal Motor Carrier Safety Improvement Act of 1999, [3] thus placing Kansas in jeopardy of losing federal funds.
In 2010, the Kansas Legislature rectified this disparity between Kansas and federal law by amending K.S.A. 8-2,150 (Torrence) to include a "holder" as well as a "driver" in the diversion prohibition.[4] For purposes of this prohibition, a person is considered a holder of a commercial driver's license if the person was a holder of a commercial driver's license at the time the person was arrested or was issued a citation and remains a holder of a commercial driver's license even if the person surrenders the commercial driver's license after the arrest or citation.[5]
As in 2003, a person who drives a commercial vehicle, and now a person who holds a commercial driver's license, may not enter into a diversion agreement that would prevent such person's conviction for any violation, in any type of motor vehicle, of any traffic control law, except a parking violation, from appearing on the person's record.[6]
In 2003 and currently, K.S.A. 2010 Supp. 8-2,150(a) is written only in terms of a prohibition against a driver or holder entering a diversion agreement. However, as of July 1, 2011, plea negotiations that would result in an avoidance of mandatory penalties for driving, operating or attempting to operate a commercial motor vehicle also will be prohibited.[7]
You also asked whether charging amendments remain permissible under K.S.A. 2010 Supp. 8-2,150 regarding commercial driver's licenses. The answer depends on what is meant by the term "charging amendment." If the term refers to a modification of a charge that has been filed by a prosecutor, an amendment made through negotiation with the defense would be a prohibited plea negotiation. However, the term may refer to a modified charge being filed by a prosecutor, either due to the prosecutor's evaluation of the evidence or due to pre-charging negotiations with the defense; this type of charging amendment is not prohibited.
Sincerely,
 Derek Schmidt Kansas Attorney General
 Camille Nohe Assistant Attorney General
DS:AA:CN:ke
[1] 2011 House Subst. for S.B. No. 6 § 8(l).
[2] K.S.A. 8-2,128(k) (Furse).
[3] 49 U.S.C. § 31311
[4] L. 2010, Ch. 146, § 7.
[5] K.S.A. 2010 Supp. 8-2,150(b).
[6] K.S.A. 2010 Supp. 8-2,150(a).
[7] 2011 House Subst. for S.B. No. 6, § 8(l), amending K.S.A. 2010 Supp. 8-2,144: "No plea bargaining agreement shall be entered into nor shall any judge approve a plea bargaining agreement entered into for the purpose of permitting a person charged with a violation of this section [driving, operating, or attempting to operate a commercial motor vehicle under the influence], or a violation of any ordinance of a city or resolution of any county in this state which prohibits the acts prohibited by the section, to avoid the mandatory penalties established by the section or by the ordinance or resolution." *Page 1